UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROFESSOR BRIAN BILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 08-0518 (RCL) |
| ) | |
| CENTERS FOR MEDICARE AND MEDICAID ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S UNOPPOSED MOTION TO EXTEND THE DATE FOR DEFENDANT TO RESPOND TO THE COMPLAINT AND PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS**

This action involves a request by Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for: (1) a variety of data relating to monthly payments to each Medicare Advantage ("MA") plan for the years 2006, 2007 and 2008; and (2) communications relating to the MA program. Plaintiff has also requested a fee waiver.

Defendant, the Centers for Medicare and Medicaid Services ("CMS"), respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1), for an extension of time to respond to Plaintiff's Complaint so that it may finish processing Plaintiff's FOIA request and so that the parties may pursue a negotiated resolution of this action. The details of the requested extension are described below. On April 25, 2008, counsel for Defendant sent this motion to counsel for Plaintiff. Counsel for Plaintiff has stated that Plaintiff consents to this motion and to the proposed schedule for further proceedings set forth herein, including the provision providing that (i) nothing contained in this Unopposed Motion and Proposed Schedule may be construed as an admission of fault or liability on the part of either party; and (ii) in the event the parties cannot

reach a negotiated resolution of this matter, the Court's approval of this Unopposed Motion and adoption of the Proposed Schedule set forth herein will have no effect on any future claim for attorney's fees or costs. As demonstrated below, there is good cause to grant this motion and to adopt the proposed schedule for further proceedings set forth herein.

**I.      Data Relating to Monthly Payments to Each MA Plan**

As stated above, Plaintiff has requested a variety of data relating to monthly payments to each MA plan over the last three years. This request raises three issues: (1) whether some of the requested MA plan data is exempt from disclosure under FOIA Exemption 4 and/or FOIA Exemption 6 because, inter alia, its release would result in the disclosure of confidential and/or private information, see 5 U.S.C. § 552(b)(4), (b)(6); (2) whether the requested data is "readily reproducible" by Defendant in the "form or format" requested, 5 U.S.C. § 552(a)(3)(B); and (3) the amount of time it would take to provide the requested data in a useable format.

As to the first issue, Defendant's FOIA office has not yet been able to make a final determination as to whether some of the requested data may be withheld under Exemption 4 and/or Exemption 6. This is because Defendant's FOIA office does not possess the knowledge of the MA plan data (or, more importantly, of the information that could be gleaned from that data) that it needs to make such a determination. In order for Defendant's FOIA office to make a determination regarding whether some of the requested data may be withheld under Exemption 4 and/or Exemption 6, it must first obtain a statement from the Center for Beneficiary Choices (the "CBC")—the entity that manages the MA program and is most knowledgeable about the MA plan data—as to the precise nature of the MA plan data and the information that could be obtained from it. Defendant's FOIA office expects to receive the information that it needs from the CBC and to make an exemption determination by June 6, 2008.

As to the second and third issues, Defendant believes that the requested data is not "readily reproducible" in the "form or format" requested (or, for that matter, in any format that would suit Plaintiff's purposes), and that it will take approximately five months to produce the data in a suitable format.

> "[T]he requested data . . . is stored in flat files which are data files that exist in the form of rows and columns, and which contain no relationships or links between records and fields except the table structure. There is no automation between flat files. In order to generate the requested data, [Defendant must have its vendor] create a system that will extract data from the flat files and convert the data into a useable format."

(Marquis Decl. ¶9.)[1] The conversion of the data from the flat files into a useable format will require Defendant (through its vendor) to, inter alia, develop new computer software for that specific purpose. (See id.) This, of course, will take time. Moreover, the volume of the requested data is substantial. (See id. at ¶10.) Defendant estimates that there are approximately thirty flat files with relevant data, and that each flat file contains approximately thirty million lines of data. (See id.) Thus, to process Plaintiff's request, Defendant will have to convert hundreds of millions of lines of data into a useable format. (See id.)

Plaintiff has expressed a willingness to discuss these technical issues with relevant CMS staff and to explore whether there are less costly and time-consuming alternatives available that would nevertheless allow him to use and analyze the data requested.

## II. Communications relating to the MA program

Plaintiff's request for communications relating to the MA program seeks, inter alia, "[a]ll communications within or from the U.S. Department of Health and Human Services and its agencies and offices . . . with any entity or person since January 1, 2004 regarding the release . . . of any data on payments to [MA] plans . . . ." Defendant's FOIA office has been diligently

---

[1] Citations in the form "(Marquis Decl. ¶__)" refer to the Declaration of Michael S. Marquis, which is attached hereto.

3

working to determine whether any such communications exist. It expects the search for relevant communications to be completed by June 6, 2008.

### III. Proposed Schedule for Further Proceedings

In light of the foregoing, the parties propose the following schedule for further proceedings:

1. By June 6, 2008, Defendant shall (i) determine what, if any, MA plan data it will withhold pursuant to applicable FOIA exemptions, and (ii) describe to Plaintiff in writing what MA plan data it is withholding and what MA plan data it is willing to produce to him.

2. By June 6, 2008, Defendant shall (i) complete its search for communications relating to the MA program, (ii) determine what, if any, communications relating to the MA program it will withhold pursuant to applicable FOIA exemptions and (iii) describe to Plaintiff what communications relating to the MA program it is withholding and what communications relating to the MA program it is willing to produce to him.

3. By June 6, 2008, Defendant shall (i) determine whether to grant Plaintiff's request for a fee waiver, and (ii) communicate its determination to Plaintiff in writing. If Defendant determines not to grant Plaintiff's request for a fee waiver, it will provide Plaintiff with an estimate of the cost of processing his request by June 6.

4. By June 27, 2008, the parties shall conduct a meet and confer and Plaintiff shall communicate to Defendant whether he is willing to accept Defendant's (i) fee waiver determination, and (ii) disclosure determinations with respect to the MA plan data and communications relating to the MA program. If Plaintiff is willing to accept those determinations, Defendant will produce documents in response to his FOIA request without raising any objection as to whether the MA plan data is "readily reproducible." Defendant will have until the end of December 2008 to finish its production of documents to Plaintiff (although it will produce documents to Plaintiff on a rolling basis) unless the parties agree to an alternative method of production that permits a faster release of the data. If the disclosure comports with the parties' agreement, Plaintiff will dismiss his complaint with prejudice and waive recovery of attorney's fees and certain costs; he reserves the right to pursue recovery of the initial filing fee and service costs.

5. If Plaintiff is unwilling to accept one or more of the determinations made in paragraphs (1) – (3), by July 11, 2008, the parties will jointly submit a proposed briefing schedule to resolve their differences of opinion. Prior to July 11, 2008, the parties will confer to determine whether records or data which the parties

4

> agree are not subject to any exemption may be disclosed prior to the briefing. If the parties cannot agree on a pre-motion release of non-exempt records or data, the parties reserve the right to seek a resolution from the Court and will include this in the proposed schedule discussed above.

6. The parties agree that: (i) nothing contained in this Unopposed Motion and Proposed Schedule may be construed as an admission of fault or liability on the part of either party; and (ii) in the event the parties cannot reach a negotiated resolution of this matter, the Court's approval of this Unopposed Motion and adoption of this Proposed Schedule will have no effect on any future claim for attorney's fees or costs.

## CONCLUSION

For the reasons set forth above, Defendant requests that the Court grant this unopposed motion and adopt the proposed schedule for further proceedings set forth herein. A proposed order is attached hereto.

Dated: April 25, 2008                               Respectfully submitted,

                                                                        /s/
                                                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                                        United States Attorney

                                                                        /s/
                                                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                                        Assistant United States Attorney

                                                                        /s/
                                                                        CHRISTOPHER B. HARWOOD
                                                                        Assistant United States Attorney
                                                                        555 Fourth St., N.W.
                                                                        Washington, D.C. 20530
                                                                        Phone: (202) 307-0372
                                                                        Fax: (202) 514-8780
                                                                        Christopher.Harwood@usdoj.gov

**Of Counsel:**

Mervin D. Turner
Assistant Regional Counsel
U.S. Department of Health & Human Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
PROFESSOR BRIAN BILES,                      )
                                            )
      Plaintiff,                            )
                                            )
      v.                                    )    Civil Action 08-0518 (RCL)
                                            )
CENTERS FOR MEDICARE AND MEDICAID           )
SERVICES,                                   )
                                            )
      Defendant.                            )
_____)

## **ORDER**

Having considered Defendant's Unopposed Motion to Extend the Date for Defendant to Respond to the Complaint and Proposed Schedule for Further Proceedings (the "Unopposed Motion"), it is this _____ day of _____, 2008,

ORDERED that the Unopposed Motion be and hereby is GRANTED; and it is

FURTHER ORDERED that the following schedule shall govern further proceedings in this action:

1. By June 6, 2008, Defendant shall (i) determine what, if any, MA plan data it will withhold pursuant to applicable FOIA exemptions, and (ii) describe to Plaintiff in writing what MA plan data it is withholding and what MA plan data it is willing to produce to him.

2. By June 6, 2008, Defendant shall (i) complete its search for communications relating to the MA program, (ii) determine what, if any, communications relating to the MA program it will withhold pursuant to applicable FOIA exemptions and (iii) describe to Plaintiff what communications relating to the MA program it is withholding and what communications relating to the MA program it is willing to produce to him.

3. By June 6, 2008, Defendant shall (i) determine whether to grant Plaintiff's request for a fee waiver, and (ii) communicate its determination to Plaintiff in writing. If

        Defendant determines not to grant Plaintiff's request for a fee waiver, it will provide Plaintiff with an estimate of the cost of processing his request by June 6.

4. By June 27, 2008, the parties shall conduct a meet and confer and Plaintiff shall communicate to Defendant whether he is willing to accept Defendant's (i) fee waiver determination, and (ii) disclosure determinations with respect to the MA plan data and communications relating to the MA program. If Plaintiff is willing to accept those determinations, Defendant will produce documents in response to his FOIA request without raising any objection as to whether the MA plan data is "readily reproducible." Defendant will have until the end of December 2008 to finish its production of documents to Plaintiff (although it will produce documents to Plaintiff on a rolling basis) unless the parties agree to an alternative method of production that permits a faster release of the data. If the disclosure comports with the parties' agreement, Plaintiff will dismiss his complaint with prejudice and waive recovery of attorney's fees and costs other than he may pursue recovery of the initial filing fee and service costs.

5. If Plaintiff is unwilling to accept one or more of the determinations made in paragraphs (1) – (3), by July 11, 2008, the parties will jointly submit a proposed briefing schedule to resolve their differences of opinion. Prior to July 11, 2008, the parties will confer to determine whether records or data which the parties agree are not subject to any exemption may be disclosed prior to the briefing. If the parties cannot agree on a pre-motion release of non-exempt records or data, the parties reserve the right to seek a resolution from the Court and will include this in the proposed schedule discussed above.

6. The parties agree that: (i) nothing contained in the Unopposed Motion and Proposed Schedule filed on April 25, 2008 may be construed as an admission of fault or liability on the part of either party; and (ii) in the event the parties cannot reach a negotiated resolution of this matter, the Court's approval of the Unopposed Motion and adoption of this Proposed Schedule will have no effect on any future claim for attorney's fees or costs.

SO ORDERED.

                                            UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROFESSOR BRIAN BILES,<br>The George Washington University<br>School of Public Health & Human Services<br>Department of Health Policy<br><br>Plaintiff,<br><br>v.<br><br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES,<br><br>Defendant. | CIVIL ACTION NO.<br>1:08-cv-00518 |

## DECLARATION OF MICHAEL S. MARQUIS

I, Michael S. Marquis, hereby declare as follows:

1. I am the Director of the Freedom of Information Group (FIG), Office of Strategic Operations and Regulatory Affairs, Centers for Medicare & Medicaid Services (CMS), U.S. Department of Health and Human Services (HHS). In this capacity, I am the Records Access Officer for CMS. My duties include responding to requests under the Freedom of Information Act (FOIA) for records of CMS. My duties also include determining whether to release or withhold records or portions of records in accordance with the FOIA and HHS regulations implementing the FOIA, and overseeing all FOIA activities within CMS.

2. The FIG is the CMS central office component responsible for administering the Freedom of Information Act (FOIA), 5 U.S.C. § 552. FIG responsibilities include:

   a. referring requests to the appropriate office(s) within CMS, its regions or among carriers and intermediaries for collection of the requested documents;

b. preparing replies to requesters;

c. drafting briefing materials and responses to administrative appeals and denial decisions;

d. consulting with the Office of the General Counsel and the HHS FOI Officer regarding denials, releases and appeals;

e. providing authoritative FOIA advice and guidance to CMS program components;

f. preparing guidelines and manual provisions to administer the FOIA program; and

h. maintaining accurate records of any charges levied for FOIA search activities.

3. I make this declaration based upon my personal knowledge and information available to me in my official capacity.

4. On January 9, 2008, plaintiff filed a FOIA request seeking information related to payments to Medicare Advantage and Medicare Advantage Prescription Drug plans for 2006, 2007 and 2008 at the county level. The request also sought a waiver of all search, review and photocopying fees.

5. The FIG is currently analyzing the request to determine whether any of the requested payment data is subject to withholding under a FOIA exemption. The FIG has requested that the Center for Beneficiary Choices (CBC), the CMS central office component that manages the Medicare Advantage Program, review the requested data to identify any data elements that it believes are proprietary in nature, and to provide a detailed explanation as to how disclosure of the identified data elements will cause competitive harm to the involved plans and/or CMS' administration of the Medicare Prescription Drug Program. FIG believes that CBC's Medicare Plan Payment Group (MPPG), is positioned to provide this critical information to FIG because MPPG, in carrying out its function of improving all bidding and payment policies related to the

Medicare Prescription Drug Benefit and Medicare Advantage programs for the non-group market (including rules regarding how plans are to structure their bids), has gained an expert knowledge of the environment in which the plans operate. In addition, MPPG serves as the business owner the Medicare Prescription Drug System and would be knowledgeable of how disclosure of data retrieved from this system could impact the agency's business needs.

6. When MPPG's program concerns are received in FIG, they will be analyzed against Exemption (b)(4) of the FOIA. This exemption protects "trade secrets and commercial or financial information obtained from a person that is privileged or confidential." The requested data will also be reviewed against Exemption 6. This exemption protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This analysis should be completed by June 6, 2008.

7. As Director, I will make the final disclosure decision, and convey that decision to the Computer Sciences Corporation (CSC), through CMS' Office of Information Services, for implementation.

8. The CSC is under contract with CMS to provide information technology support for certain Agency software initiatives, including the development and deployment of the Medicare Advantage Prescription Drug System (MARx). The MARx is a database system that validates Medicare beneficiary requests and enrollments for managed care and prescription drug plans throughout the country. One of the primary purposes of the MARx system of records is to maintain a master file of Medicare Managed Care Organization (MCO) plan members for accounting and payment control. The MARx Monthly Membership report (MMR) data files will be the primary source of information that provides the requested data.

9. The requested data is not stored in any CMS database in the format requested, and is not readily reproducible. The data is stored in flat files which are data files that exist in the form of rows and columns, and which contain no relationships or links between records and fields except the table structure. There is no automation between flat files. In order to generate the requested data, CSC must create a system that will extract data from the flat files and convert the data into a useable format. To effectuate this, CSC will utilize a multi-tiered implementation approach consisting of project planning, development, testing and production. Specific systems related tasks that CSC must accomplish include, but are not limited to, requirements gathering (identifying and analyzing the requirements, and creating the file layout document), utility development (code generation, code review, unit test review and documentation), system testing and validation, performance testing, file generation, post production validation and delivery of the results to CMS. CSC will also need to coordinate with the CMS Data Center Storage Management Group for additional space to store the files for processing because of the tremendous volume of data involved.

10. The data requested is extremely voluminous. On average, one MMR has 30,310,726 lines of data, and it is conceivable that processing will involve one billion lines of data. The average output file for the request on a per-month basis will have approximately 10 million records, and CSC estimates that there will be at least 30 files to cover the 2006 to June 2008 payments. Thus, the files responsive to this request could contain 300 million records.

11. Based on the voluminous nature of the request and the system complexities involved, it is estimated that CMS will need until December 31, 2008, to complete its processing of plaintiff's request.

4

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 24th day of April, 2008.

_____
Michael S. Marquis