UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROFESSOR BRIAN BILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 08-0518 (RCL) |
| ) | |
| CENTERS FOR MEDICARE AND MEDICAID ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Having considered Defendant's Unopposed Motion to Extend the Date for Defendant to Respond to the Complaint and Proposed Schedule for Further Proceedings (the "Unopposed Motion"), it is hereby,

ORDERED that the Unopposed Motion be and hereby is GRANTED; and it is

FURTHER ORDERED that the following schedule shall govern further proceedings in this action:

1. By June 6, 2008, Defendant shall (i) determine what, if any, MA plan data it will withhold pursuant to applicable FOIA exemptions, and (ii) describe to Plaintiff in writing what MA plan data it is withholding and what MA plan data it is willing to produce to him.

2. By June 6, 2008, Defendant shall (i) complete its search for communications relating to the MA program, (ii) determine what, if any, communications relating to the MA program it will withhold pursuant to applicable FOIA exemptions and (iii) describe to Plaintiff what communications relating to the MA program it is withholding and what communications relating to the MA program it is willing to produce to him.

3. By June 6, 2008, Defendant shall (i) determine whether to grant Plaintiff's request for a fee waiver, and (ii) communicate its determination to Plaintiff in writing. If

       Defendant determines not to grant Plaintiff's request for a fee waiver, it will provide Plaintiff with an estimate of the cost of processing his request by June 6.

4. By June 27, 2008, the parties shall conduct a meet and confer and Plaintiff shall communicate to Defendant whether he is willing to accept Defendant's (i) fee waiver determination, and (ii) disclosure determinations with respect to the MA plan data and communications relating to the MA program. If Plaintiff is willing to accept those determinations, Defendant will produce documents in response to his FOIA request without raising any objection as to whether the MA plan data is "readily reproducible." Defendant will have until the end of December 2008 to finish its production of documents to Plaintiff (although it will produce documents to Plaintiff on a rolling basis) unless the parties agree to an alternative method of production that permits a faster release of the data. If the disclosure comports with the parties' agreement, Plaintiff will dismiss his complaint with prejudice and waive recovery of attorney's fees and costs other than he may pursue recovery of the initial filing fee and service costs.

5. If Plaintiff is unwilling to accept one or more of the determinations made in paragraphs (1) – (3), by July 11, 2008, the parties will jointly submit a proposed briefing schedule to resolve their differences of opinion. Prior to July 11, 2008, the parties will confer to determine whether records or data which the parties agree are not subject to any exemption may be disclosed prior to the briefing. If the parties cannot agree on a pre-motion release of non-exempt records or data, the parties reserve the right to seek a resolution from the Court and will include this in the proposed schedule discussed above.

6. The parties agree that: (i) nothing contained in the Unopposed Motion and Proposed Schedule filed on April 25, 2008 may be construed as an admission of fault or liability on the part of either party; and (ii) in the event the parties cannot reach a negotiated resolution of this matter, the Court's approval of the Unopposed Motion and adoption of this Proposed Schedule will have no effect on any future claim for attorney's fees or costs.

SO ORDERED.

May 30, 2008
                              /s/
                          Chief Judge Royce C. Lamberth